IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>vs.<br><br>**JASON DURAN,**<br><br>    Defendant. | No. 15-CR-4512-MV-007 |

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jason Duran's Motion and Memorandum to Compel Investigative Notes and Early Disclosure of Jencks Material [Doc. 94]. The United States timely responded on March 4, 2016 [Doc. 137] and Defendant filed a late reply on April 1, 2016 [Doc. 176]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and therefore will be **DENIED.**

### BACKGROUND

Defendant alleges that in October 2015, approximately two months before the United States filed the original Indictment with this Court, he "made numerous incriminating statements in three uncounseled, unrecorded interview." Doc. 94 at 2. According to Defendant, agents with the Drug Enforcement Administration "harshly interrogated Mr. Duran on no less than four occasions" and "it may reasonably be inferred the agents were taking copious notes, rather than relying solely on memory." *Id.* Defendant now seeks production of the documents that he

1

alleges to exist, "including any notes or records used in the course of the interrogation." *Id. See also id.* at 10 ("For good cause above shown, all investigatory notes, recordings, and lapel cam video should be disclosed thirty (30) days prior to any pre-trial Motion hearing."). Similarly, Defendant also seeks the early disclosure of material covered by the Jencks Act. *See id.* ("Jencks [sic] material, including the grand jury transcripts, should be disclosed at least thirty days before trial or, if a witness testifies at a pre-trial evidentiary hearing, at least twenty days before hearing."). For the reasons discussed below, Defendant is entitled to none of the requested materials, such that his motion will be denied in its entirety.

## DISCUSSION

The instant Motion submits several broad requests for discovery, not one of which complies with the applicable local rule [D.N.M.LR-Crim.16] and the applicable discovery orders in this case [Docs. 51, 145]. The local rule unequivocally mandates that the parties abide by the Standard Discovery Order, which Magistrate Judge Khalsa entered in this case on December 25, 2015. *See generally* Doc. 51. The Order, in turn, states that "[i]f a party contends that the opposing party has not provided the material required to be produced by this Order [including Brady and Rule 16 evidence], that party may petition this Court for its disclosure only after a specific request for production has been denied by the opposing party." *Id.* ¶ 8. "However," the Order continues, "the Court will deny any such petition unless the party seeking production complies with" two sets of

requirements.  *Id.*  First, the party must identify "with specificity the evidence required to be disclosed and the paragraph of this Order authorizing its production." *Id.* ¶ 8(A).  Second, the party must identify the "Assistant U.S. Attorney or the individual defense counsel to whom a specific request for disclosure was made, the date such disclosure was denied and the proffered reason for denial."  *Id.* ¶ 8(B).

      Here, Duran has not complied with either set of prerequisites, such that his request must be denied.  First, the Motion contains not one citation to the Court's Order, let alone the orderly item-by-item justification it contemplates.  *See generally* Doc. 94.  *See also* Doc. 51 ¶ 8(A).  Instead, Duran relies on generic recitations of evidence law that do not refer specifically to the items listed.  *See generally* Doc. 94.  Second, nowhere in the Motion does Defendant indicate to whom the "specific request[s] for disclosure [were] made," when such requests were made, and "the proffered reason[s] for denial."  Doc. 51 ¶ 8(B); s*ee also generally* Doc. 94.  Indeed, the Motion is devoid of any procedural background whatsoever.  Given this disregard for the Court's Order, the Court will **deny** Defendant's Motion until Defendant complies.

      Moreover, to the extent that Defendant requests that the Court modify its Order to require broader disclosure of interview notes and Jencks Act material, the Court will decline to do so.  *See* Doc. 51 ¶¶ 2(A), 6.  Simply stated, the Motion relies on general citations to irrelevant authority that do not justify either the production of interview notes or the early release of Jencks material.  For example, while Defendant notes that the "portion of this Motion involving production of

3

investigative notes is submitted under the standards of" *Brady* and its progeny, at no point in the Motion does Defendant articulate why the notes constitute *Brady* material. Doc. 94 at 7. *See also, e.g., United States v. Reese*, 745 F.3d 1075, 1083 (10th Cir. 2014) ("A Brady claim consists of three elements, which the defendant must prove by a preponderance of the evidence: (1) the government suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material."). Accordingly, the Court finds nothing in the Motion that would induce it to upend the general rule that, in a criminal case, a defendant is presumptively not entitled to "the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" or material covered by the Jencks Act. Fed. R. Crim. P. 16(a)(2). *See also* 18 U.S.C. § 3500.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant Jason Duran's Motion and Memorandum to Compel Investigative Notes and Early Disclosure of Jencks Material [Doc. 94] is **DENIED.**

Dated this 19th day of April, 2016.

                                                                  _____
                                                                  **MARTHA VÁZQUEZ**
                                                                  UNITED STATES DISTRICT JUDGE