IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

   v.

JASON DURAN,

      Defendant.

Crim. No. 15-4512 MV

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Quash Subpoenas [Doc. 438] filed by the United States ("Government"). A hearing on the motion was conducted on May 10, 2017. For the reasons set forth below, the Government's Motion to Quash Subpoenas is hereby granted in part and denied in part.

## **I. BACKGROUND**

On February 24, 2016, the Government filed a 13-count Superseding Indictment against nine defendants, including Jason Duran ("Mr. Duran"). [Doc. 103]. Mr. Duran is charged with one count of conspiracy to possess/distribute heroin and methamphetamine, in violation of 20 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(C).

On April 24, 2017, the Court granted in part Mr. Duran's Sealed *Ex Parte* Application for Rule 17(c) Subpoena *Duces Tecum*. (Doc. 424, Doc. 430). Mr. Duran subsequently had subpoenas *duces tecum* issued and served on seven individuals: Pete N. Kassetas, Chief/Deputy Secretary of the DPS; New Mexico State Police Department Officers Ronald Sean Wood, Nathan Lucero and Ruben Aguirre; Rio Arriba County Deputy Sheriff William Fresquez; Bernalillo County Sheriff's Office Detective Adam Gaitan; and Drug Enforcement

Administration Special Agent Kevin Mondragon. The Government filed a Motion to Quash all of the subpoenas. [Doc. 438].[1]

## II. GOVERNMENT'S MOTION TO QUASH ALL SUBPOENAS

Pursuant to the Court's April 24, 2017, order. Mr. Duran was granted leave to have issued and served subpoenas *duces tecum* for the following categories of documents:

- Certification and training, deployment and drug inventory records for canine Arras, who was deployed during the October 13, 2016 stop of Mr. Duran.

- Certification and training, deployment and drug inventory records for canine Niko, who was deployed during the October 17, 2016 stop of Mr. Duran.

- Officer Daily Reports for Officers Wood, Lucero and Aguirre.

- NMSP Incident Reports dated October 13, 2015, and October 17, 2015, concerning Mr. Duran.

- Disciplinary records for Officers Wood, Aguirre, Lucero and Mondragon.

- A complete copy of the Registry maintained by DPS of all federal officers identified as holding both state and federal commissions from 2010.

- Unedited versions of dash camera video and audio recordings from one hour prior to, during, and one hour after the traffic stops of Mr. Duran conducted on October 13, 2015, and October 17, 2015.

- Notes from and reports of interviews of Mr. Duran conducted on October 13, 2015- October 14, 2015, and October 21, 2015.

- Notes from and reports of interviews of Pamela Valdez conducted on October 13, 2015- October 14, 2015.

- Copies of all reports rendered in this case, including reports related to state investigation (Ivan Romero as target).

---

[1] DPS filed an objection to the subpoenaing of Chief Kassetas to personally appear and testify at the May 10, 2017, hearing in the case, and requested that he be excused because a custodian of the record would suffice for any testimony that might be needed. [Doc. 439]. The Court granted DPS's motion on May 9, 2015. [Doc. 443]. Subsequently, during the May 10 hearing, counsel for Mr. Duran stated that he would accept a certificate of authenticity from DPS in lieu of testimony from a custodian of the records.

- Certification, device logs and inventory records concerning the tracking surveillance devices installed, "slapped on," or utilized on the 2002 Ford Pickup and 2002 Ford Mustang.

- Reports that form the basis of the affidavits and any reports concerning the execution of the warrants, and the inventory returns.

[Doc. 430]. Subpoenas were subsequently issued and served in accordance with the Court's order.

### A. Applicable Law

Fed. R. Crim. P. 17 provides, in pertinent part:

**(c) Producing Documents and Objects.**

> **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
>
> **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

\* \* \*

**(h) Information Not Subject to a Subpoena.** No party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement.[2]

---

[2] Rule 26.2 provides, in pertinent part:

**Producing a Witness's Statement**

**(a) Motion to Produce.** After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

\* \* \*

**(f) "Statement" Defined.** As used in this rule, a witness's "statement" means:

3

The Tenth Circuit has held that a party seeking issuance of a subpoena *duces tecum* under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of the trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Abdush-Shaker*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)).

**B. Analysis**

The Government, in its Motion to Quash, asserts that most of the documents Mr. Duran seeks are either statements of witnesses which are exempt under Rule 17(h); reports he is not entitled to discover pursuant to Rule 16(a)(2);[3] irrelevant; and/or sought purely for the purpose of

---

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
> (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
> (3) the witness's statement to a grand jury, however, taken or recorded, or a transcription of such a statement.
>
> **(g) Scope.** This rule applies at a trial [and] at a suppression hearing under Rule 12. . .

[3] Rule 16(a)(2) provides, in pertinent part:

> **Information Not Subject to Disclosure.** Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

18 U.S.C. § 3500 provides, in pertinent part:

4

impeachment.

Upon review, the Court concludes Mr. Duran has failed to establish his entitlement under Rule 17(c) to production of the following categories of documents:

- **Certification and training, deployment and drug inventory records for canines Arras and Niko**—Drugs were actually found in Mr. Duran's vehicle during the October 13, 2015, stop, after canine Arras alerted. Accordingly, Mr. Duran has failed to satisfy his burden of showing the relevance of records pertaining to Arras. *See United States v. Gonzalez-Acosta,* 989 F.2d 384, 389 (10th Cir. 1993) (defendant who sought training records for drug-detection canines that had located drugs in her car had failed to satisfy her burden of establishing the records were relevant, inasmuch as the dog alerted to the vehicle which did, in fact, have drugs in it). Similarly, he has failed to show the relevance of records related to canine Niko, since no drugs were located after the October 17, 2015 alert by Niko, and Mr. Duran was neither arrested nor charged as a result.

- **Officer Daily Reports for Officers Wood, Lucero and Aguirre**—Pursuant to Rule 16(a)(2), these reports are not discoverable.

- **NMSP Incident Reports Concerning Mr. Duran dated October 13, 2015, and October 17, 2015**—Pursuant to Rule 16(a)(2), these reports are not discoverable.

- **Disciplinary records for Officers Wood, Aguirre, Lucero and Mondragon**—Mr. Duran has failed to demonstrate either the relevance or the admissibility of these records. Rather, they appear to be sought strictly for the impermissible purpose of impeachment. *See Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial.").

- **A complete copy of the Registry maintained by DPS of all federal officers identified as holding both state and federal commissions from 2010**—Mr. Duran has failed to demonstrate either the relevance or the admissibility of these records.

- **Notes from and reports of interviews of Pamela Valdez conducted on October 13, 2015-October 14, 2015**—Pursuant to Rule 16(a)(2) and Rule 26.2, these reports are not discoverable at this time.

---

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

- **Copies of all reports rendered in this case, including reports related to state investigation (Ivan Romero as target)**—Pursuant to Rule 16(a)(2), these reports are not discoverable.

- **Reports that form the basis of affidavits and any reports concerning the execution of the warrants and the inventory returns**—Pursuant to Rule 16(a)(2), these reports are not discoverable.

The following items and documents are discoverable pursuant to Rule 16(a)(1) and Rule 17(c):

- **Unedited versions of dash cam videos and audio recordings from the October 13, 2015, and October 17, 2015, traffic stops**—These items are relevant to Mr. Duran's Motion to Suppress Statement and Evidence. [Doc. 293].

- **Notes from and reports of interviews of Mr. Duran conducted on October 13, 2015, October 14, 2015, and October 21, 2015**—Pursuant to Rule 16(a)(1), these reports are discoverable to the extent they contain any relevant oral statement made by Mr. Duran during the interviews.

- **Certification, device logs and inventory records concerning the tracking devices installed, "slapped on," or utilized on the 2002 Ford Pickup and 2002 Ford Mustang**—These documents are relevant to Mr. Duran's Motion to Suppress Evidence Based Upon Unlawful Tracking and Electronic Communication Interception.

Accordingly, to the extent any responsive items and documents in these three categories have not previously been produced, the Government should provide them to counsel for Mr. Duran on or before May 26, 2017.

### III. Conclusion

The Government's Motion to Quash [Doc. 438] is granted in part and denied in part as set forth above.

ENTERED this 24th day of May, 2017.

_____
THE HONORABLE MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE